**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA BONE, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:12-cv-02984-JPM-dkv |
| TACO BELL OF AMERICA, LLC, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment on Basis of Judicial Estoppel, which was filed on May 9, 2013. (See ECF No. 12.) Plaintiff responded in opposition on June 24, 2013. (See ECF No. 22.) Defendant filed a Reply on July 8, 2013. (See ECF No. 25.)

For the reasons stated below, Defendant's Motion for Summary Judgment on Basis of Judicial Estoppel (ECF No. 12) is GRANTED. The above-captioned case is hereby DISMISSED.

**I. BACKGROUND**

In the instant action, Plaintiff Patricia Bone ("Plaintiff" or "Bone") claims that the negligence of Defendant Taco Bell of America, LLC ("Defendant" or "Taco Bell"), caused personal injuries that entitle her to compensation in the amount of $500,000. (See ECF No. 1-2 at PageID 10-12.)[1] Unless otherwise

---

[1] When documents are not internally paginated, or when a single filing contains multiple documents, the Court refers to the Page Identification

noted, the following relevant facts are undisputed for the purposes of the instant Motion for Summary Judgment.[2]

"On July 18, 2007, [] Bone allegedly slipped and fell on a floor mat in a Taco Bell restaurant located . . . [in] Memphis, Tennessee." (ECF No. 14 ¶ 1.)

"On December 7, 2007, [Bone] and her husband filed a Voluntary Petition under Chapter 7 [of the Bankruptcy Code] in the United States Bankruptcy Court for the Northern District of Mississippi." (Id. ¶ 2 (footnote omitted).) "On February 1, 2008, [Bone] filed a Statement of Financial Affairs in the [bankruptcy case]" (id. ¶ 3), "which is dated January 4, 2008, [and] executed by Plaintiff under oath" (id. ¶ 4). "On [the form entitled] 'Schedule B — Personal Property,' [Bone] identified her claim against Defendant as a joint, contingent, unliquidated claim." (Id. ¶ 8; see also ECF No. 14-3 at PageID 87.) "[Bone] stated under oath in Schedule B that her claim against Defendant was worth zero dollars." (ECF No. 14 ¶ 9; see also ECF No. 14-3 at PageID 87.) On the form entitled "Schedule C — Property Claimed As Exempt," Bone asserted that her claim was exempt from her bankruptcy estate pursuant to title 85,

("PageID") number at the top right of documents filed on the Case Management/Electronic Case Files system.
[2] Plaintiff did not respond to Defendant's Statement of Undisputed Material Facts (ECF No. 14) as required by Local Rule 56.1(b). "Failure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment." LR 56.1(c). Accordingly, the facts in Defendant's Statement of Undisputed Material Facts (ECF No. 14) will be considered undisputed for the purposes of the instant Motion for Summary Judgment (ECF No. 12).

section 85-3-17 of the Mississippi Code ("§ 85-3-17").[3]  (ECF

No. 14-3 at PageID 89.)  "On [the form entitled] 'Schedule F —

Creditors Holding Unsecured Nonpriority Claims,' [Bone]

identified the medical providers who provided her treatment for

the injuries that she allegedly sustained as a result of her

slip-and-fall . . . and she itemized the value of each of these

medical bills . . . ."  (ECF No. 14 ¶ 10.)

"[Bone] never amended the Statement of Financial Affairs or

the schedules she filed . . . to advise the bankruptcy court

that she believed her claim against Defendant had value . . . ."

(Id. ¶ 11.)

"On May 27, 2008, the [bankruptcy court] issued a Discharge

of Debtor for the benefit of [Bone], but the bankruptcy case

remained pending thereafter while the Court addressed additional

issues between [Bone] and her creditors."[4]  (Id. ¶ 12.)  "On July

18, 2008, [Bone] initiated a lawsuit in the General Sessions

Court of Shelby County [sic] Tennessee [(the "General Sessions

Court")]. . . for her alleged slip and fall at the Taco Bell

restaurant . . . seeking damages up to the jurisdictional limits

_____

[3] This fact is taken from a document cited by Defendant (see ECF No. 14 ¶¶ 6-
11), the authenticity of which is not challenged by Plaintiff.
[4] Plaintiff argues in her Response that "no proof or evidence has been
submitted in support of this statement."  (See ECF No. 22 at PageID 271.)
This assertion, however, does not comply with Local Rule 56.1(b).  Plaintiff
also asserts that "[i]t is plaintiff's belief that the bankruptcy case may
have been kept open in order to investigate the Taco Bell claim."  (See ECF
No. 22 at PageID 271.)  The accompanying citation to the Affidavit of
Patricia Bone, however, does not support this assertion.  (See id.; ECF
No. 22-1.)  There is no other indication that the bankruptcy court
investigated Plaintiff's claim against Defendant.

of up to $25,000." (Id. ¶ 14.) "[Bone initiated that case] exactly one year after the alleged slip and fall incident had occurred back on July 18, 2007." (Id. ¶ 15.) "[Bone] did not file any amended documents with the [bankruptcy court] to disclose the fact that she had initiated a lawsuit and was a party to a lawsuit." (Id. ¶ 16.)

"On September 23, 2008, the [bankruptcy court] issued its Final Decree/Order, closing the [bankruptcy case]." (Id. ¶ 17.) "On September 25, 2008, [Bone] submitted a settlement demand packet to [Taco Bell] that included documentation to support her settlement demand of $500,000." (Id. ¶ 18; see also ECF No. 14-7.)

"On October 17, 2008, [Bone] allowed a defense verdict to be entered in [the General Sessions Court], and, on October 27, 2008, Plaintiff appealed the case to the Circuit Court [of Tennessee] which is not subject to the jurisdictional limits that were applicable in the General Sessions [Court]." (ECF No. 14 ¶ 19.) The appeal "was dismissed without prejudice on November 15, 2011." (Id. ¶ 20.)

"On September 21, 2012, [Bone] filed another complaint in the Circuit Court of Tennessee . . . to reassert her slip and fall claim against Defendant." (Id. ¶ 21; see also ECF No. 1-2 at PageID 10-12.) "[Bone's] Complaint of September 21, 2012

[sic] seeks damages in the amount of $500,000." (ECF No. 14 ¶ 22; see also ECF No. 1-2 at PageID 11-12.)

On November 13, 2012, Taco Bell removed the action from the Circuit Court of Tennessee to this Court on the basis of diversity jurisdiction.[5] (See ECF No. 1 ¶¶ 7-8.) On March 26, 2013, Taco Bell filed its First Amended Answer "with the written permission of [Bone]" (see ECF No. 11 at 1) to include the defense of judicial estoppel (see id. at 3). On May 9, 2013, Taco Bell filed the instant Motion for Summary Judgment on Basis of Judicial Estoppel. (See ECF No. 12.)

## II. STANDING AND CHOICE OF LAW

This Court has diversity jurisdiction over Plaintiff's state-law negligence claim because the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332(a)(1) (2006); (ECF No. 1 ¶¶ 7-8).

The Court first considers whether the Plaintiff has standing to bring this action and then considers whether state or federal law should be applied to this diversity action.

## A. Plaintiff Has Standing to Bring This Action.

"Article III of the Constitution gives federal courts subject matter jurisdiction over actual cases or controversies, neither of which exists unless a plaintiff establishes his

---

[5] This fact and the following facts are derived from the docket in the instant action.

standing to sue." Murray v. U.S. Dep't of Treasury, 681 F.3d 744, 748 (6th Cir. 2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a person files for Chapter 7 bankruptcy, "[i]t is well settled that the right to pursue causes of action formerly belonging to the debtor — a form of property under the Bankruptcy Code — vests in the trustee for the benefit of the estate. The debtor has no standing to pursue such causes of action." Bauer v. Commerce Union Bank, Clarksville, Tenn., 859 F.2d 438, 441 (6th Cir. 1988) (citation omitted) (internal quotation marks omitted); accord Auday v. Wet Seal Retail, Inc., 698 F.3d 902, 904 (6th Cir. 2012) ("When Auday filed for [Chapter 7] bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition."). "This means that, absent abandonment, only the Trustee may bring [a claim that accrued before the bankruptcy petition was filed], and [the debtor] 'has no standing to pursue' it alone." Auday, 698 F.3d at 904 (quoting Bauer, 859 F.2d at 441).

A person that files for Chapter 7 bankruptcy, however, may exempt certain property from her bankruptcy estate. Pursuant to 11 U.S.C. § 522(*l*), "[t]he debtor shall file a list of property that the debtor claims as exempt . . . . Unless a party in

interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*) (2006). "[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later," unless the bankruptcy court grants an extension of time. Fed. R. Bankr. P. 4003(b)(1). In addition, "[t]he trustee may file an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor fraudulently asserted the claim of exemption." Fed. R. Bankr. P. 4003(b)(2). "If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate even if the exemption[] [is invalid]." Schwab v. Reilly, 130 S. Ct. 2652, 2658 (2010). "[C]ourts may not impose a good faith requirement on debtors who list property in the bankruptcy schedule as exempt pursuant to 11 U.S.C. § 522(*l*)." In re Trident Assocs. Ltd., 52 F.3d 127, 130 (6th Cir. 1995) (citing Taylor v. Freeland & Kronz, 503 U.S. 638, 641-44 (1992)).

Plaintiff's claim against Defendant appears to have been excluded from her bankruptcy estate. Plaintiff's claim against Defendant accrued before she filed for Chapter 7 bankruptcy: Plaintiff's claim accrued on the date of her injury, July 18,

2007 (see ECF No. 1-2 ¶¶ 3, 5), and Plaintiff filed for Chapter 7 bankruptcy on December 7, 2007 (ECF No. 14-1 at PageID 68). On January 4, 2008, however, Plaintiff signed documents in which she asserts that she has a contingent and unliquidated "Claim against Taco Bell" with an "estimated value" of "[$]0.00" (see ECF No. 14-3 at PageID 87) that was exempt from the bankruptcy estate pursuant to § 85-3-17 (see id. at PageID 89).

Plaintiff's claimed exemption appears to be invalid. The exemption is invalid under Mississippi law because Plaintiff had not obtained a judgment when she claimed the exemption. See In re Bragg, 334 B.R. 195, 196 (Bankr. N.D. Miss. 2005) ("The Mississippi exemption statute[, § 85-3-17,] requires that a judgment be obtained. If this cannot be undertaken prior to the filing of a bankruptcy case, then the debtor has no way to utilize this particular statute."). Furthermore, Plaintiff appears to have made a material misstatement of fact in claiming the exemption under § 85-3-17, which provides an exemption for "[t]he proceeds of any judgment not exceeding ten thousand dollars ($10,000.00)." See Miss. Code Ann. § 85-3-17 (West 2012). In the filings she signed on January 4, 2008, Plaintiff estimated that her claim was worth "[$]0.00" (see ECF No. 14-3 at PageID 87) despite indications in the record before this Court that she had already received medical bills related to her

injury for more than $10,000 (see ECF No. 14-3 at PageID 93; ECF No. 14-7 at PageID 110, 203-05, 215-16).

Plaintiff's claim against Defendant, however, appears to have been exempted by the bankruptcy court. There is no indication on the bankruptcy-court docket that a party in interest objected to Plaintiff's asserted exemption (see In re Bone, No. 07-14498-DWH (Bankr. N.D. Miss. Sept. 25, 2008)) and the time to do so has expired, see Fed. R. Bankr. P. 4003(b)(1)-(2). Despite indications that the asserted exemption was invalid, therefore, it appears that Plaintiff's claim against Defendant was exempted from Plaintiff's bankruptcy estate. See Schwab, 130 S. Ct. at 2658; In re Trident Assocs. Ltd., 52 F.3d at 130.

Accordingly, Plaintiff has standing to bring her claim in this Court.

**B.   The Court Will Apply Federal Law in This Diversity Action.**

The instant action involves a state-law negligence claim (see ECF No. 1-2 at PageID 11) that was removed pursuant to diversity jurisdiction (see ECF No. 1 ¶¶ 7-8).

"Although this is a diversity case, we believe that federal, rather than state, principles provide the rule of decision in this case." Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 n.4 (6th Cir. 1982); accord Watkins v. Bailey, 484 F. App'x 18, 20 n.1 (6th Cir. 2012). "Judicial estoppel is a

9

rule designed to protect the integrity of judicial institutions. The question primarily concerns federal interests, and, consequently, federal courts must be free to develop principles that most adequately serve their institutional interests." Edwards, 690 F.2d at 598 n.4.

Accordingly, federal law will provide the rule of decision in this case.

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986)); accord Kalich v. AT & T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp., 477 U.S. at 323). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Id. at 448-49 (citing Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

> To show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'").

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record.");

Chi. Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'").

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 730 (6th Cir. 2012) (citing Matsushita Electric Indus. Co., 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson, 477 U.S. at 251-52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 252).

## IV. ANALYSIS

The Court considers whether judicial estoppel applies to Plaintiff's claim before considering Plaintiff's argument regarding laches.

## A. Plaintiff's Claim Is Barred by Judicial Estoppel.

Defendant argues that Plaintiff "is judicially estopped from asserting and litigating this lawsuit against Defendant." (See ECF No. 13 at 5.)  Plaintiff argues that judicial estoppel is inappropriate in the instant action because "judicial estoppel is inapplicable to inadvertent omissions, mistakes, or [sic] the absence of bad faith."  (See ECF No. 22 at PageID 271.)

"Th[e] doctrine [of judicial estoppel] is utilized in order to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 476 (6th Cir. 2010) (internal quotation marks omitted).  "Judicial estoppel, however, should be applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement."  Eubanks v. CBSK Fin. Grp., Inc., 385 F.3d 894, 897 (6th Cir. 2004) (internal quotation marks omitted).

> [T]o support a finding of judicial estoppel, we must find that:  (1) [the plaintiff-debtor] assumed a position that was contrary to the one that [he] asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the] omission did not result from mistake or inadvertence.

Stephenson v. Malloy, 700 F.3d 265, 272 (6th Cir. 2012)

(alterations in original) (quoting White, 617 F.3d at 478)

(internal quotation marks omitted).

The Court addresses these three factors in turn.

**1. Plaintiff Assumed a Position that Was Contrary to the One She Asserted Under Oath in the Bankruptcy Proceedings.**

"[T]o support a finding of judicial estoppel, we must find

that . . . [the plaintiff-debtor] assumed a position that was

contrary to the one that [he] asserted under oath in the

bankruptcy proceedings . . . ." Stephenson, 700 F.3d at 272

(first, third, and fourth alterations in original) (quoting

White, 617 F.3d at 478) (internal quotation marks omitted).

"[I]t is well-established that at a minimum, 'a party's later

position must be "clearly inconsistent" with its earlier

position[]' for judicial estoppel to apply." Lorillard Tobacco

Co. v. Chester, Willcox & Saxbe, LLP, 546 F.3d 752, 757 (6th

Cir. 2008) (second alteration in original) (quoting New

Hampshire v. Maine, 532 U.S. 742, 750 (2001)).

Plaintiff's position in the instant litigation is clearly

inconsistent with the position that she asserted under oath in

the bankruptcy proceedings. See Lorillard Tobacco Co., 546 F.3d

at 757. In her Complaint, "Plaintiff prays that judgment be

entered against the Defendant, in the amount of Five Hundred

Thousand Dollars ($500,000)." (ECF No. 1-2 at PageID 11-12.)

14

In the bankruptcy proceeding, however, Plaintiff, asserted the clearly inconsistent position that her claim against Defendant was valueless. It is undisputed that "Plaintiff stated under oath in Schedule B that her claim against Defendant was worth zero dollars." (ECF No. 14 ¶ 9.) Furthermore, it is undisputed that "Plaintiff never amended . . . the schedules she filed in the [bankruptcy case] to advise the bankruptcy court that she believed her claim against Defendant had value." (See id. ¶ 11.)

Plaintiff does not cite to evidence that would create an issue of material fact as to whether Plaintiff's position in this Court is contrary to one asserted under oath in the bankruptcy proceeding. Plaintiff also makes no argument relevant to this element of judicial estoppel. Accordingly, the Court finds that the undisputed facts indicate that Plaintiff's position in the bankruptcy proceeding is "clearly inconsistent" with her position before this Court. See Lorillard Tobacco Co., 546 F.3d at 757.

**2. The Bankruptcy Court Adopted the Contrary Position.**

"[T]o support a finding of judicial estoppel, we must find that . . . the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition . . . ." Stephenson, 700 F.3d at 272 (first alteration in original) (quoting White, 617 F.3d at 478) (internal quotation

marks omitted).  "[W]hen the bankruptcy court grant[s] [a discharge to a person that is petitioning for Chapter 7 bankruptcy], it act[s] in reliance on the representations [the debtor] had made concerning his assets . . . ."  Id. at 274.

The undisputed facts indicate that the bankruptcy court adopted Plaintiff's contrary position.  It is undisputed that Plaintiff asserted that her claim "was worth zero dollars" (see ECF No. 14 ¶ 9) in Schedule B and that she never amended her schedules to "advise the bankruptcy court that she believed her claim against Defendant had value" (see id. ¶ 11).[6]  It is also undisputed that, "[o]n May 27, 2008, the Bankruptcy Court issued a Discharge of Debtor for the benefit of Plaintiff."  (See id. ¶ 12.)

Plaintiff does not cite to evidence that would create an issue of material fact as to whether the bankruptcy court adopted Plaintiff's assertion that her claim was valueless. Plaintiff also makes no argument relevant to this element of judicial estoppel.  Accordingly, the Court finds that the undisputed facts indicate that the bankruptcy court adopted

---

[6] Plaintiff also asserted that her claim was exempt from her bankruptcy estate under Mississippi law because the claim was worth less than $10,000.  (See ECF No. 14-3 at PageID 89.)  It could be argued that the bankruptcy court thus relied on the exemption and not Plaintiff's assertion that the claim is valueless.  Such a distinction is not dispositive because the bankruptcy court would have to rely on the assertion that the claim was valueless in deciding not to challenge the asserted exemption.

Plaintiff's position that her claim was valueless.  <u>See</u>
<u>Stephenson</u>, 700 F.3d at 274.

### 3.    Plaintiff's Omission Did Not Result from Mistake or Inadvertence.

"[T]o support a finding of judicial estoppel, we must find
that . . . [the] omission did not result from mistake or
inadvertence."  <u>Stephenson</u>, 700 F.3d at 272 (first and third
alterations in original) (quoting <u>White</u>, 617 F.3d at 478)
(internal quotation marks omitted).  "In determining whether
[the plaintiff's] conduct resulted from mistake or inadvertence,
this court considers whether:  (1) [he] lacked knowledge of the
factual basis of the undisclosed claims; (2) [he] had a motive
for concealment; and (3) the evidence indicates an absence of
bad faith."  <u>Id.</u> at 272-73 (alterations in original) (quoting
<u>White</u>, 617 F.3d at 478) (internal quotation marks omitted).

The Court addresses these three sub-factors in turn.  The
Court then addresses Plaintiff's arguments directly.

### a.    Plaintiff Did Not Lack Knowledge of the Factual Basis for the Claim Amount.

"In determining whether [the plaintiff's] conduct resulted
from mistake or inadvertence, this court considers whether . . .
[he] lacked knowledge of the factual basis of the undisclosed
claims . . . ."  <u>Stephenson</u>, 700 F.3d at 272 (first and third
alterations in original) (quoting <u>White</u>, 617 F.3d at 478)
(internal quotation marks omitted).

Plaintiff did not lack knowledge of the factual basis making her claim valuable. It is possible that a plaintiff's claim for damages could be valueless until after her bankruptcy case closed if, for example, medical problems developed only after the close of the bankruptcy case. It is undisputed, however, that, "[o]n July 18, 2008, Plaintiff initiated a lawsuit . . . for her alleged slip and fall at the Taco Bell restaurant . . . seeking damages up to the jurisdictional limits of up to $25,000." (See ECF No. 14 ¶ 14.) It is also undisputed that the lawsuit was filed before her bankruptcy case was closed: "On September 23, 2008, the [bankruptcy court] issued its Final Decree/Order, closing the [bankruptcy case]." (See id. ¶ 17).

Furthermore, the documents cited in Defendant's Statement of Undisputed Material Facts, indicate that Plaintiff had information indicating that her claim was valuable — and, in fact, worth more than $10,000 — when she signed her Schedule B form, on January 4, 2008. In the documents she signed on January 4, 2008, Plaintiff appears to have claimed at least $8,752.39 in medical debt related to her injury. (Compare ECF No. 14-3 at PageID 93, with ECF No. 14-7 at PageID 110, 215-16.) In addition, at the time she made these filings, Plaintiff appears to have received medical bills related to her injury indicating at least an additional $4,496.20 in medical expenses

related to her injury.  (See ECF No. 14-7 at PageID 110, 203-05.)

Plaintiff does not cite to evidence that would create an issue of material fact as to her knowledge that her claim was valuable during the course of the bankruptcy proceedings. Accordingly, the Court finds that the undisputed facts indicate that Plaintiff did not lack knowledge of the factual basis of her claim as relevant to the claim's value.  See Stephenson, 700 F.3d at 272.

### b.  Plaintiff Had a Motive to Conceal the Claim Amount.

"In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether . . . [he] had a motive for concealment . . . ."  Stephenson, 700 F.3d at 272-73 (first and third alterations in original) (quoting White, 617 F.3d at 478) (internal quotation marks omitted).  A person petitioning for Chapter 7 bankruptcy protection presumably has "a motive to conceal [civil] claims:  wanting to keep any settlement or judgment to himself."  Stephenson, 700 F.3d at 274 (internal quotation marks omitted).  There is a general motive to keep a claim from becoming part of the bankruptcy estate because, "if the [civil] claim became a part of [the] bankruptcy estate, then the proceeds from it could go

towards paying [the debtor's] creditors, rather than simply to paying [the debtor]." See White, 617 F.3d at 479.

In the instant case, Plaintiff did not conceal the existence of the claim, but her assertion that the claim was valueless resulted in the claim being exempted from her bankruptcy estate. It is undisputed that Plaintiff asserted that her claim "was worth zero dollars" (see ECF No. 14 ¶ 9) in Schedule B and that she never amended her schedules to "advise the bankruptcy court that she believed her claim against Defendant had value" (see id. ¶ 11). Furthermore, documents cited by Defendant indicate that Plaintiff claimed an exemption under Mississippi law for "[t]he proceeds of any judgment not exceeding ten thousand dollars ($10,000.00)." See Miss. Code Ann. § 85-3-17; (see also ECF No. 14-3 at PageID 89). Accordingly, asserting that her claim was valueless made it more likely that it would be exempted from her bankruptcy estate. If the claim were exempted, Plaintiff would likely be able to "keep any settlement or judgment to [herself]."[7] Stephenson, 700 F.3d at 274 (internal quotation marks omitted).

---

[7] The exemption appears to be invalid under Mississippi law and based on the claim's value when the exemption was asserted. See supra Part II. Regardless, asserting that the claim is valueless would at least make it more likely that Plaintiff could keep any proceeds resulting from her claim. Even if ultimately judicially estopped in this Court from asserting that her claim is valuable, Plaintiff appears to have at least succeeded in excluding the claim from her bankruptcy estate.

Plaintiff does not cite to evidence that would create an issue of material fact as to her motive to conceal the value of the claim. Accordingly, the Court finds that the undisputed facts indicate that Plaintiff did have a motive to conceal the value of the claim. See Stephenson, 700 F.3d at 272-73.

### c. The Evidence Does Not Indicate an Absence of Bad Faith.

"In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether . . . the evidence indicates an absence of bad faith." Stephenson, 700 F.3d at 272-73 (first alteration in original) (quoting White, 617 F.3d at 478) (internal quotation marks omitted).

"Though we view the record in the light most favorable to [the plaintiff], this court's 'absence of bad faith' inquiry focuses on affirmative actions taken by the debtor to notify the trustee or bankruptcy court of an omitted claim." Kimberlin v. Dollar Gen. Corp., No. 12-3584, 2013 WL 1136563, at *3 (6th Cir. Mar. 20, 2013).

Plaintiff had an ongoing duty to disclose the estimated value of her claim. Pursuant to 11 U.S.C. § 521, a person filing for Chapter 7 bankruptcy must file "a schedule of assets and liabilities." 11 U.S.C. § 521(a)(1)(B)(i) (2006); accord Auday, 698 F.3d at 903. "It is well-settled that a cause of

action is an asset that must be scheduled under [11 U.S.C. § 521]." Lewis v. Weyerhaeuser Co., 141 F. App'x 420, 424 (6th Cir. 2005). "'The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action.'" Id. (quoting In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999)); accord White, 617 F.3d at 479 n.5. "'[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge.'" White, 617 F.3d at 480 n.7 (alteration in original) (quoting In re Colvin, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003)). Regarding potential causes of action, Schedule B required Plaintiff to "[g]ive [the] estimated value of each" "contingent and unliquidated" cause of action (see ECF No. 14-3 at PageID 87) and to "declare under penalty of perjury" that the information in Schedule B is "true and correct to the best of my knowledge, information, and belief" (see id. at PageID 103).

In light of her ongoing duty to disclose the amount of her claim, Plaintiff may show an absence of bad faith by pointing to evidence "showing her attempts to correct her initial omission. Since the bankruptcy system depends on accurate and timely disclosures, the extent of these efforts, together with their effectiveness, is important." See White, 617 F.3d at 480.

In addition, the timing of events in the bankruptcy proceeding and the petitioner's choice of when to file her claim indicates bad faith.  See White, 617 F.3d at 482 n.11 (finding it relevant that "White filed her harassment claim . . . just a few days before the 90 day period for filing that claim expired and just one day after her plan confirmation hearing"); Lewis, 141 F. App'x at 428 ("Lewis began the process of filing her discrimination claim with the EEOC only one month after the bankruptcy plan was approved, which tends to show that she waited until the plan was approved before pursuing her discrimination action.").

In the instant case, the evidence indicates that Plaintiff never attempted to correct her misstatement.  It is undisputed that Plaintiff never amended her Schedule B to "advise the bankruptcy court that she believed her claim against Defendant had value."  (See ECF No. 14 ¶ 11.)  In her Response, Plaintiff asserts that she "attended the meeting of creditors, and answered all questions asked of her by the Chapter 7 Trustee and creditors."  (See ECF No. 22 at PageID 273.)  Plaintiff, however, cites to no evidence to support this assertion.  Furthermore, even if she had properly supported this assertion, it would not be sufficient because it would not show an affirmative attempt to correct her omission.  Accordingly, the

evidence before the Court does not indicate an absence of bad faith.  See White, 617 F.3d at 480.

In addition, the timing of Plaintiff's filings indicates bad faith.  The undisputed facts indicate that Plaintiff initiated her first suit in the General Sessions Court, claiming relief in the amount of $25,000, "exactly one year after the alleged slip and fall incident had occurred."  (See ECF No. 14 ¶¶ 14-15.)  This was the last day Plaintiff could have filed her claim before it would have been barred by Tennessee's one-year statute of limitations.  See Tenn. Code Ann. § 28-3-104(a)(1) (West 2013).  This suit was also filed less than two months after the bankruptcy court discharged her debt.  (Compare ECF No. 14 ¶ 12, with id. ¶ 14.)  Furthermore, the undisputed facts also indicate that only two days after the bankruptcy proceedings were closed, "Plaintiff submitted a settlement demand packet to Defendant that included documentation to support her settlement demand of $500,000."  (Compare id. ¶ 17, with id. ¶ 18.)  The timing of Plaintiff's filings to pursue her claim thus indicates bad faith.  See White, 617 F.3d at 482 n.11; Lewis, 141 F. App'x at 428.

Plaintiff does not cite to evidence that would create an issue of material fact regarding an absence of bad faith.  Accordingly, the Court finds that the undisputed facts do not

indicate an absence of bad faith.  See Stephenson, 700 F.3d at
273.

### d.  Plaintiff's Arguments Are Not Dispositive.

Plaintiff makes three main arguments.  First, Plaintiff
argues that misstatements in her bankruptcy filings occurred
because "Plaintiff relied on Mr. Amos[, her attorney in the
bankruptcy proceedings,] to properly complete the schedules."
(ECF No. 22 at PageID 271.)  "[L]itigants are bound by the
actions of their attorneys."  White, 617 F.3d at 483–84
(internal quotation marks omitted).  Accordingly, Plaintiff's
asserted reliance on her attorney is not dispositive.

Second, Plaintiff argues that White v. Wyndham Vacation
Ownership, Inc., 617 F.3d 472 (6th Cir. 2010), and Eubanks v.
CBSK Financial Group, Inc., 385 F.3d 894 (6th Cir. 2004),
support her argument that "[t]here is no indication that [she]
acted in bad faith."  (See ECF No. 22 at PageID 273.)  In both
of those cases, however, the plaintiffs cited to evidence that
indicated some attempt by the plaintiffs to correct the
misstatement in the bankruptcy court.  See White, 617 F.3d at
480 ("White has provided evidence that she made several attempts
to correct the omission of the harassment claim before the
bankruptcy court. . . .  [T]wo of these efforts . . . came
before the Defendants filed their motion to dismiss."); Eubanks,
385 F.3d at 897 ("Plaintiffs, however, have evidenced no motive

25

or intention to conceal the potential claim since Plaintiffs actually made numerous attempts through their counsel to advise the court and the Trustee of their claim."). Plaintiff has cited no evidence indicating that she made any attempt to update her Schedule B. Accordingly, this argument is without merit.

Third, Plaintiff makes an evidentiary argument. Plaintiff argues that "[t]here has been no evidentiary hearing in this cause as to the plaintiff's intentions in the [bankruptcy case]." (ECF No. 22 at PageID 274.) When evaluating a motion for summary judgment, however,

> [t]o show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)). There is no requirement that Plaintiff be given an evidentiary hearing.

In summary, Plaintiff does not cite to evidence that creates an issue of material fact as to whether her contrary position in the bankruptcy proceedings resulted from mistake or inadvertence. Accordingly, the Court finds that the undisputed facts indicate that Plaintiff's contrary position in the bankruptcy proceedings was not the result of mistake or inadvertence. See Stephenson, 700 F.3d at 272-73.

The undisputed facts indicate that Defendant is entitled to summary judgment on the basis of judicial estoppel.

**B.    Plaintiff's Assertion of Laches Is Not Dispositive.**

"Plaintiff asserts the doctrine of laches applies and precludes defendants from relying on the equitable doctrine of judicial estoppel."  (ECF No. 22 at PageID 274.)

"In this circuit, laches is a negligent and unintentional failure to protect one's rights.  A party asserting laches must show:  (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it."  United States v. City of Loveland, Ohio, 621 F.3d 465, 473 (6th Cir. 2010) (citation omitted) (internal quotation marks omitted).

Plaintiff may not be able to raise laches in opposition to an affirmative defense.  The United States Court of Appeals for the Tenth Circuit has stated that "laches is available only as a bar to affirmative relief.  It cannot be invoked by plaintiff to bar rights asserted by defendant merely by way of defense."  See N. Pac. Ry. Co. v. United States, 277 F.2d 615, 624 (10th Cir. 1960).  Furthermore, there is some indication that the United States Court of Appeals for the Sixth Circuit limits laches to use as an affirmative defense that must be pled in response to a pleading.  See Broad. Music, Inc. v. Roger Miller Music, Inc., 396 F.3d 762, 783 (6th Cir. 2005) ("An assertion of a statute of

27

limitations is an affirmative defense that must be properly raised [as an affirmative defense in a responsive pleading]. Likewise, laches is an equitable remedy that must be properly raised as an affirmative defense." (citation omitted)); Ruiz v. Shelby Cnty. Sheriff's Dep't, 725 F.2d 388, 393 (6th Cir. 1984) ("The affirmative defense of laches is properly plead in an answer to the complaint."); see also Coach Inc. v. Hayes & Co., No. 11-10-DLB, 2012 WL 1221873, at *6 (E.D. Ky. Apr. 10, 2012) ("It is not sufficient to assert laches as an affirmative defense in a response to a motion.").

Regardless, even if Plaintiff may raise this defense in the instant circumstances, and even if the Court found a lack of diligence by Defendant, Plaintiff has not adequately asserted that she suffered any prejudice as a result of the delay. Plaintiff asserts that she is prejudiced by the death of her former attorney, James Hodges, who represented Plaintiff in her state-court actions before he passed away on February 29, 2012. (See ECF No. 22 at PageID 274.) Specifically, Plaintiff asserts that she is "prejudiced by her inability to obtain a statement from Mr. Hodges pertaining to the lack of plaintiff's knowledge of the demand made by Mr. Hodges, the amount of the demand, and that Mr. Hodges did not discuss settlement or value with the plaintiff at any time." (See id.) This is in reference to the undisputed fact that, "[o]n September 25, 2008, Plaintiff

submitted a settlement demand packet to Defendant that included documentation to support her settlement demand of $500,000." (Compare ECF No. 22 at PageID 275, with ECF No. 14 ¶ 18.)

Plaintiff is not prejudiced by her inability to obtain a statement from Mr. Hodges. First, the settlement offer of $500,000 is not necessary to the Court's finding of judicial estoppel. Even without this evidence, the Court would find judicial estoppel. See supra Part IV.A. Second, even if the $500,000 settlement offer were necessary to the Court's decision, Plaintiff is not prejudiced by not being able to obtain a statement from Mr. Hodges stating that Plaintiff was not aware of his actions because "litigants are bound by the actions of their attorneys." See White, 617 F.3d at 483-84 (internal quotation marks omitted).

Accordingly, even if the defense of laches is available, Plaintiff has not shown that she is prejudiced by any delay by Defendant in asserting judicial estoppel. Plaintiff's asserted defense of laches, therefore, is not dispositive.

## V.  CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment on Basis of Judicial Estoppel (ECF No. 12) is GRANTED.  The above-captioned case is hereby DISMISSED.


**IT IS SO ORDERED,** this 24th day of July, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF JUDGE, U.S. DISTRICT COURT